DIANNE POLK, COMPLAINANT-APPELLANT, v. CHERRY HILL APARTMENTS, INC., *ET ALS.,* DEFENDANTS-RESPONDENTS.

Argued November 20, 1972—Decided December 18, 1972.

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for appellant (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Skillman,* of counsel; *Mr. Harvey S. Grossman,* Deputy Attorney General, on the brief).

*Mr. Richard J. Donohue* argued the cause for respondents (*Messrs. Gross, Demetrakis & Donohue,* attorneys; *Mr. Donohue,* on the brief).

PER CURIAM. The Director of the Division on Civil Rights found certain of the respondents-appellants guilty, in the rental of apartments, of unlawful discrimination based on

race, in violation of *N. J. S. A.* 10:5–12(g). The order embodying this determination and imposing penalties and sanctions, provided, *inter alia,* that the landlord should, every thirty days for a period of two years, furnish a current list of apartments available for rental to a fair housing organization known as Project Free. The Appellate Division affirmed the conclusions and order of the Director except with respect to this provision which it found to be an improper exercise of the Director's power. 118 *N. J. Super.* 106 (App. Div. 1972). We granted the Division's petition for certification to consider this ruling, at the same time denying respondents-appellants' cross petition which sought a full review of the Director's actions. 60 *N. J.* 500 (1972). There is therefore before us only this single, limited issue.

The pertinent facts may be briefly summarized. A white couple, acting as volunteers under the auspices of Project Free, made inquiries of a rental agent as to the availability of a certain size apartment within a housing complex. Later the same day a black couple made similar inquiries. The disparate treatment accorded the respective applicants formed the basis of the complaint in the Division.

Project Free is an organization formed for the purpose of opening the housing market to minority groups. It is presently sponsored by twenty-three religious, civic and civil rights organizations located and active in south Jersey. In addition to seeking out areas of discrimination in the manner which occurred here, Project Free also keeps a file of apartment house vacancies by means of which it endeavors to assist members of minority groups to find appropriate housing.[1] The Appellate Division concluded that the challenged por-

---

[1] The conclusion of the Appellate Division that Project Free confines its activities to searching for instances of discrimination in housing, 118 *N. J. Super.* at 107–108, overlooks the affidavit of its chairman, David A. Davenport, which describes the greater breadth of its operations. The allegations of the affidavit stand uncontradicted in the record.

tion of the Director's order, requiring information as to vacancies to be supplied to Project Free, amounted to an improper delegation to this body of the powers and duties of enforcement placed by the Legislature in the Division on Civil Rights. 118 *N. J. Super., supra,* at 108.

At oral argument it was conceded that there could be no objection to the desired information being given the Director and by him made available to Project Free. This being a simple and mutually satisfactory solution of the problem, we adopt it and direct that the judgment of the Appellate Division be modified accordingly.

We do not mean to be taken as suggesting, however, that we have any disinclination to support sincere efforts of volunteer organizations or concerned individuals in their efforts to aid in eradicating unlawful discrimination. It would be difficult if not impossible for the Division on Civil Rights, operating with limited manpower, to accomplish the desperately important task to which it has been assigned without assistance from concerned citizens. Furthermore we bear in mind that the Director of the Division has been given broad powers to fashion and impose remedies he believes will be effective to accomplish his mission, *N. J. S. A.* 10:5–17, and has explicit power to cooperate with other agencies, both public and private, in pursuit of the statutory objectives. *N. J. S. A.* 10:5–8(c).

The judgment of the Appellate Division is modified as set forth above, and as so modified is affirmed.

*For affirmance as modified*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN and Judges SULLIVAN and LEWIS—6.

*For reversal*—None.